UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION

BRUNO LUNA-ENCINA,

    Plaintiff,

vs.                                    Case No.: 3:25-cv-39

FLAGLER COUNTY BOARD OF
COUNTY COMMISSIONERS, a
political subdivision of the State of
Florida,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRUNO LUNA ("Plaintiff"), by and through his undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, FLAGLER COUNTY BOARD OF COUNTY COMMISSIONERS ("DEFENDANT" or "FLAGLER COUNTY"), and in support thereof states as follows:

### INTRODUCTION

1. Defendant employed Plaintiff but failed to pay them the appropriate overtime pay in overtime weeks as required by the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

2. Defendant's practice of failing to compensate Plaintiff overtime

premiums for all of his hours worked over forty (40) each workweek violates the overtime provisions of the FLSA.

    3.    Plaintiff brings an action to recover the unpaid back wages owed to him from at least October 30, 2022, up to the present.

## JURISDICTION AND VENUE

    4.    Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorneys' fees and costs.

    5.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

    6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because all of the events giving rise to Plaintiff's claims occurred in Flagler County, Florida.

## PARTIES

    7.    At all times material to this action, Plaintiff was, and continues to be, a resident of St. Johns County, Florida.

    8.    At all times material to this action, Defendant FLAGLER COUNTY, was, and continues to be, a political subdivision of the State of Florida.

    9.    At all times material hereto, FLAGLER COUNTY was an "employer" as defined by 29 U.S.C. § 201, et seq.

10. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

## STATEMENT OF FACTS

12. On or around November 14, 2021, Defendant hired Plaintiff to work as a GIS Specialist. On October 21, 2022, Plaintiff was given the title of UAS Program Coordinator. This change became effective October 30, 2022.

13. Prior to at least December 4, 2024, Plaintiff was classified as a non-exempt employee in Defendant's payroll system.

14. Prior to at least December 4, 2024, Plaintiff was classified as an hourly employee in Defendant's payroll system.

15. Prior to October 21, 2022, Plaintiff received overtime pay for his overtime hours.

16. Prior to receiving his new title, Plaintiff was paid for over 55 hours of overtime, including overtime premium pay, in October 2022.

17. Between October 30, 2022, and at least December 4, 2024, Plaintiff's pay was calculated on an hourly basis, but he was only paid for up to forty hours in each week, regardless of the number of hours he worked.

18. Between October 30, 2022, and December 4, 2024, in one or more workweeks, Plaintiff worked for Defendant in excess of forty (40) hours within

3

a workweek.

19. Between October 30, 2022, and December 4, 2024, Defendant failed to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours within a workweek.

20. Plaintiff should be compensated at the rate of one and one-half times the regular rate of pay for those hours that he worked in excess of forty (40) hours per workweek, as required by the FLSA.

21. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

22. Defendant has violated Title 29 U.S.C. §207 during the period from at least October 30, 2022, to December 4, 2024, in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

   c. Defendant failed to maintain accurate time records for Plaintiff as required by the FLSA.

23. Defendant acted deliberately in failing to compensate Plaintiff the minimum of one and one-half time his regular rate of pay for hours worked in

excess of forty (40) hours in a workweek, as it was aware at all times that Plaintiff's pay was being determined on an hourly basis, but still did not make any effort to compensate Plaintiff overtime premiums for his overtime hours.

24. Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

25. Plaintiff re-alleges paragraphs 1 through 24 of the Complaint, as if fully set forth herein.

26. Between at least October 30, 2022, and December 4, 2024, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of at least one and one-half times the regular rate of pay.

27. Plaintiff was, and is, entitled to be paid at the statutory rate of at least one and one-half times the regular rate of pay for those hours worked in excess of forty (40) hours.

28. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due, based on the calculation of his pay on an hourly basis throughout his employment until

December 4, 2024.

29. Defendant failed to properly disclose or apprise Plaintiff his rights under the FLSA.

30. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

31. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays for the following relief:

A. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

B. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

C. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

D. Awarding Plaintiff pre-judgment interest; and

E. Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this 14th day of January, 2025.

Respectfully Submitted,

_____

Angeli Murthy, Esquire, B.C.S.
FBN: 088758
Morgan & Morgan, P.A
8151 Peters Road
Suite 4000
Plantation, FL 33324
Tel: 954-327-5369
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the CM/ECF system on this 14th day of January, 2025 which I understand will send notification of same to all counsel of record.

_____
Angeli Murthy, Esq.