UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRUNO LUNA-ENCINA,

    Plaintiff,

v.                                       Case No. 3:25-cv-39-HES-MCR

FLAGLER COUNTY BOARD OF
COUNTY    COMMISSIONERS,    a
political subdivision of the State of
Florida,

    Defendant.
_____/

### ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant Flagler County Board of Commissioners, through its attorney, hereby files and serves its answer and affirmative defenses to Plaintiffs' Complaint (Doc. 1).  Except as explicitly admitted herein, Flagler County denies each of Plaintiffs' allegations and demands strict proof thereof.

### INTRODUCTION

1. Denied.

2. Denied.

3. Denied.

### JURISDICTION AND VENUE

4. Admitted that this Court has subject matter jurisdiction over this action.

5. Admitted that this Court has subject matter jurisdiction over this action.

Page 1 of 7

6.   Admitted that venue is appropriate in the United States District Court for the Middle District of Florida, Jacksonville Division.

## PARTIES

7.   Without knowledge, therefore denied.

8.   Admitted.

9.   Admitted that Flagler County is an "employer" as defined by 29 U.S.C. § 201, et seq.

10.   Admitted that Plaintiff was an "employee" as that term is defined by the FLSA.

11.   Admitted.

## STATEMENT OF FACTS

12.   Admitted.

13.   Denied.

14.   Denied.

15.   Admitted.

16.   Admitted.

17.   Denied.

18.   Denied.

19.   Denied.

20.   Denied.

21.   Admitted.

22.   Denied.

    a.  Admitted

    b.  Denied.

    c.  Denied.

23.    Denied.

24.    Denied.

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION

25.    Defendant incorporates by reference the allegations in paragraphs 1 through 24, as if fully set forth herein.

26.    Denied as phrased.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

### Affirmative Defenses

1.    Plaintiff fails to state any claim upon which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.    Defendant asserts that any acts or omissions which may be found to be in violation of the FLSA were not willful but occurred despite good faith and reasonable grounds for believing Defendant was in full compliance with the FLSA.

Therefore, the statute of limitations can be no longer than 2 years. *See* 29 U.S.C. § 255(a).

4.    Defendant invokes the defenses, protections, and limitations of the FLSA.

5.    Plaintiffs' claims are barred in whole or in part by exemptions, exclusions, and credits provided for in 29 U.S.C. § 213.

6.    Plaintiffs (and others purportedly similarly situated to Plaintiffs) are subject to the administrative exemption, executive exemption, or both to the FLSA's overtime requirement.

7.    Defendant's actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, opinion, or practice of the United States Department of Labor.

8.    Defendant acted in good faith and with reasonable grounds that it would not be violating the FLSA.

9.    In the event of a judgment adverse to Defendant, Plaintiffs (and others purportedly similarly situated to Plaintiffs) are not entitled to recover both liquidated damages and pre-judgment interest, as such would represent an improper double-recovery.

10.    To the extent that any plaintiff (or other purportedly similarly situated individual) is entitled to damages, Defendant is entitled to set-off(s) for any overpayment, overtime, premium, incentive, or additional compensation already paid to the plaintiff.

11.     Plaintiffs' claims are barred in whole or in part by the Portal-to-Portal Act as to all hours during which Plaintiffs (and others purportedly similarly situated to Plaintiffs) were engaged in activities that were not compensable work under the FLSA and were not integral and indispensable part(s) of Plaintiffs' principal activities, including non-compensable activities that were preliminary or postliminary to Plaintiffs' principal activities.

12.     To the extent that Plaintiffs (and others purportedly similarly situated to Plaintiffs) are found to be non-exempt for purposes of the FLSA's overtime requirement, Defendant asserts that any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are de minimis and may be properly disregarded for payroll purposes.

13.     Plaintiffs' claims are barred by the doctrines of waiver, estoppel, unclean hands, or laches.

14.     Defendant asserts that it is not liable for any wrongful action taken by any employee of Defendant that were taken outside the scope and course of the employee's duties and which were not authorized, condoned, or ratified by Defendant.

15.     To the extent Plaintiffs' damages, if any, were caused or exacerbated by any act, or failure to act, on the part of one or more of the Plaintiffs, any damages awarded to Plaintiffs should be reduced accordingly.

16.     All actions taken by Defendant with respect to Plaintiffs (and others purportedly similarly situated to Plaintiffs) were supported by legitimate business reasons.

17.     Defendant asserts that it is not liable for any wrongful action because a payroll accounting system which calculates an exempt employees pay on an hourly basis does not indicate that the employee was not salaried and, thus, is not subject to the FLSA's minimum wage or overtime wage requirements.

18.     Defendant reserves the right to assert additional affirmative defenses as discovery may reveal.

Respectfully submitted,


*/s/ Pausha Taghdiri*
PAUSHA TAGHDIRI, ESQ.
Florida Bar No.: 1002857
E-Mails: ptaghdiri@roperpa.com
           kcordeiro@roperpa.com
Roper, Townsend & Sutphen, P.A.
255 S. Orange Ave., Suite 750
Orlando, FL  32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
**Attorney for Defendant**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

with the Clerk of the Court by using the CM/ECF system, and/or email to:  Angeli

Murthy, Morgan and Morgan, 8151 Peters Road, Suite 4000, Plantation, FL 33324 at:

amurty@forthepeople.com on this 4th day of February, 2025.

/s/ Pausha Taghdiri
PAUSHA TAGHDIRI, ESQ.
Florida Bar No.: 1002857
E-Mails: ptaghdiri@roperpa.com
         kcordeiro@roperpa.com
Roper, Townsend & Sutphen, P.A.
255 S. Orange Ave., Suite 750
Orlando, FL  32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
**Attorney for Defendant**